# Case No. 6,175.

## The HARVEST.

### [Olc. 271.] [1]

District Court, S. D. New York. Feb., 1846.

SERVICES AND COMPENSATION OF SHIP-KEEPER.

1. Services rendered in taking care of a ship in port are, under the statutes of the state, protected by a lien upon the ship, in cases where the sum of fifty dollars is due for such service.

2. A ship-keeper, by night or day, is not obliged, without an engagement to that end, to pump the ship, wash her decks, &c. His sleeping on board nights, unless specially stipulated, does not impart a right to extra compensation therefor.

3. No abatement of wages will be made for occasional absence from the ship, if no objection is made thereto until the whole period of service has expired.

---

[1] [Reported by Edward R. Olcott, Esq.]

In admiralty.

W. Mulock, for libellant.
W. M. Pritchard, for claimant.

BETTS, District Judge. This case comes up on exception to the report of the commissioners, allowing the libellant $96. The libel demands $133.39, by the balance of wages for keeping the ship in this port fifty days and forty-nine nights, at $1.25 per day and $1.50 per night, and also some small disbursements for fastenings to the vessel, and gives credit for $5 cash paid. The libellant acted as shipkeeper fifty days, and during the time slept on board the vessel. When engaged for the service he was told he would receive from $1 to $1.25 per day, and expressed himself gratified with the job at that rate of compensation. After the service was completed, some complaint was made by the owners of his want of attention to the ship, but he was told he could have $1 per day, and he stated his readiness to accept what they would give, and seemed satisfied with the sum proposed. The money was not paid or tendered to him at the time his services ended, and immediately after he demanded, through his lawyer, the whole sum of $133.39, and payment to that amount being refused, this action was instituted. The demand will be regarded a lien on the vessel, created by the Revised Statutes of this state (2 Rev. St. p. 408, § 1), unless the claimants have shown that less than $50 was due, and in that case the question may arise, whether it can be enforced in this court as a maritime lien.

It seems to me no just ground is laid in the proofs for an allowance to the libellant as night-watch, beyond the daily pay for which he contracted. He does not show any agreement for such compensation, and he must, therefore, put his claim upon the quantum meruit of remaining on board over night. There is no evidence that his sleeping on board was a burthen imposed on him, or a service beneficial to the ship-owners; it may have been a private privilege or advantage allowed him. The court cannot consider the naked fact sufficient to raise, against the vessel or owners, an obligation to pay for it. Nor does the evidence disclose any circumstance from which it may be implied that this particular was regarded at the time between the parties as extra service. The commissioner reports $1 per night to be the proper compensation for each night-watch. I think this is not authorized by any evidence in the case. It does not appear that the libellant actually performed the duty of a night-watch for the time, nor can it be supposed physically possible for him to have done so. I understand, on the testimony, that a night-watch is to be constantly on deck, or so about the vessel as to have watchful guard over her throughout the night, and it cannot be assumed that a man can endure that service continuously fifty days and forty-nine nights. I shall accordingly allow the exception to this part of the report. Had the owners tendered the libellant the $1 per day at the time of settlement, or when his demand was made with a view to this suit, I should have held that to be an acquittance of their liability to him. But by not following up their admission of indebtedness by a tender of the amount, they subject themselves to all the consequences of a suit presented upon a contested demand. They have, by their answer and proofs, attempted to show that the libellant was not entitled even to $1 per day, because of unfaithfulness to his charge, or for not rendering services to the vessel required of him. That portion of the defence permits him also to urge an extra compensation for services during the day, which are not, in an equitable point of view, strictly within his duty, nor satisfied by the per diem pay.

I think the occasional absences of the libellant from the vessel given in proof, do not entitle the claimants to any deduction from his wages; it is to be presumed, under the circumstances, that they were aware of the facts before the termination of his hiring; and the reasonable inference also is from their making no objection, that he was absent in their service, or with their permission; nor is it shown that he ought, as part of his duty, to have pumped the ship, or kept her decks washed down. These services would not fall appropriately within the duty of ship-keeping. To render him liable for their value, the claimants must prove an undertaking on his part to do the work. He gives evidence of extra care and attention in keeping a time account of the men employed about the vessel, and in view of the whole case, I think he ought to receive for his employment on board, at the rate of $1.25 per day, the highest sum intimated to him by the owners at the time of his engagement. He is also entitled to be paid for locks, fastenings, &c., necessary to the vessel, and supplied her by him. The account, adjusted upon these principles, would leave due him $62.50 for wages, and $2.39 for materials, &c., supplied, from which deducting $5 paid him, the balance, $59.89, would be the sum he is entitled to recover.

This being above $50, renders it unnecessary to consider whether a remedy could be had in this court for it, upon the principles of the maritime law alone. The court enforces liens on domestic vessels under the local law, when they partake of the character of maritime liens. The Robert Fulton [Case No. 11,-890]; Peyroux v. Howard, 7 Pet. [32 U. S.] 324; Phillips v. The Thomas Scattergood [Case No. 11,106]; Davis v. A New Brig [Id. 3,643]. There must be deducted from the report of the commissioners $34.11, and a decree entered for $59.89, and costs.